UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

CASE NO. 09-81085-CIV-HURLEY/HOPKINS
(Ancillary Proceeding to U.S.D.C. Case No. 08-81565-CIV-HURLEY/HOPKINS)

JONATHAN E. PERLMAN, Esq., as court
appointed Receiver of Creative Capital
Consortium, LLC, et al.,

    Plaintiff,

v.

PAULETTE THEODULE, an individual,

    Defendant.
_____/

### PLAINTIFF RECEIVER'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW

The Plaintiff, JONATHAN E. PERLMAN, Esq., the court-appointed Receiver (the "Receiver") of Creative Capital Consortium, LLC, A Creative Capital Concept$, LLC, United Investment Club, LLC and Reverse Auto Loan, LLC, a Florida limited liability company, pursuant to Fed. R. Civ. P. 12(f), files this motion to strike Defendant's affirmative defenses and incorporated memorandum of law (the "Motion"), and says:

### Introduction

1.    By this Motion, the Receiver seeks to have Defendant's First and Second Affirmative Defenses stricken, in accordance with Fed. R. Civ. P. 12(f), or alternatively treated as specific denials.

2.    The Defendant, Paulette Theodule (referred to hereinafter as "Defendant"), insufficiently and redundantly alleges her First and Second Affirmative Defenses, thereby forming the basis of this Motion.

**Facts Supporting the Relief Requested**

3.     On July 24, 2009, the Receiver filed his Complaint against the Defendant alleging claims of (i) avoidance and recovery of fraudulent transfers, (ii) unjust enrichment, (iii) imposition of a constructive trust or equitable lien, (iv) aiding and abetting and/or conspiracy to breach of fiduciary duty, and (v) conversion [DE #1]. On September 14, 2009, the Defendant filed her Answer and Affirmative Defenses to the Complaint [DE #9] (hereinafter the "Answer").

4.     The Receiver seeks to strike Defendant's First and Second Affirmative Defenses (*see* Answer, pp. 17), as they are both insufficient and nothing more than a redundant denial of the allegations made against her in the Complaint, allegations which are also denied earlier in the Answer. (Answer, ¶¶ 49, 53, 63-66, 69-73).

**Legal Argument and Citation to Authority**

5.     Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed.R.Civ.P. 12(f). Answers and Affirmative Defenses are, of course, pleadings within the meaning of Fed.R.Civ.P. 12(a) and (b).

6.     Affirmative defenses are subject to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and will be stricken if they fail to recite more than bare bones conclusory allegations. Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 WL 2412834, *2 (S.D.Fla. 2007); Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D.Fla. 2005). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007). Thus, an affirmative defense that does not provide "fair notice" of the nature of the

defense asserted and the grounds upon which it is based is not sufficient and therefore must be stricken.

7. Although motions of strike tend to be disfavoured by courts, *see* Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir.1991), an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) *citing* Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). A defense is insufficient as a matter of law if either: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Id.

8. The U.S. Eleventh Circuit in In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir.1988) held that "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." Further, and in conjunction with the Eleventh Circuit decision in Rawson, when a defendant's assertion is actually (i) a denial rather than an affirmative defense, which was (ii) already denied in the answer to the complaint, the court will strike the alleged affirmative defense for being redundant. Wiemer v. Felberbaum & Associates, P.A. v. ADP Totalsource III, Inc., 2008 WL 299016 (S.D.Fla. 2008).

9. Alternatively, when a defendant's assertion is actually a denial rather than an affirmative defense, wherein the party has incorrectly labeled a "negative averment as an affirmative defense rather than as a specific denial," the proper remedy is to simply treat the claim as a specific denial, rather than to strike the affirmative defense outright. Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 U.S. Dist. LEXIS 61608, at *3 (S.D.Fla. 2007); *see also* Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc., 2008 WL 3927265, at *3 (M.D.Fla. 2008).

10. Here, Defendant's First Affirmative Defense simply states that the "Plaintiff has failed to set forth sufficient material facts to support a cause of action against Defendant." (Answer, p. 17).

11. Defendant's Second Affirmative Defense states that "George Theodule never gave Defendant the purported $393,000.00." (Answer, p. 17).

12. The Defendant's First and Second Affirmative Defenses are not supported by any facts whatsoever and fail to provide "fair notice" to the Receiver of the actual nature of these defenses and the grounds upon which they rest. Thus, they are insufficient as affirmative defenses and must be stricken. *See* Fed.R.Civ.P. 8; *see also* Twombly, 550 U.S. at 553.

13. Additionally, the Defendant's Second Affirmative Defense does nothing more than broadly deny those allegations already denied earlier in the Answer to the Complaint. (*See* Answer, p. 17, effectively denying the allegations in paragraphs 49, 53, 63-66, 69-73 and 83-86 of the Complaint, i.e. effectively denying Count's 1, 2, 3 and 5 of the Complaint). Thus, as the Second Affirmative Defense is nothing more than a redundant denial, it should be stricken as an affirmative defense. *See* Wiemer; 2008 WL 299016. Alternatively, it should be relegated to and treated as a specific denial, rather than an affirmative defense. *See* Home Mgmt. Solutions, 2007 U.S. Dist. LEXIS 61608, at *3, and Premium Leisure, LLC, 2008 WL 3927265, at *3.

14. For the reasons stated above, the Receiver respectfully requests the Court strike Defendant's First and Second Affirmative Defenses under Rule 12(f).

15. A proposed Order is attached hereto as Exhibit "A."

WHEREFORE, the Receiver requests the entry of an order granting the relief requested herein and for any other relief the Court deems appropriate.

Dated:  September 29, 2009        Respectfully submitted,
       Miami, Florida

By: /s/ Harris J. Koroglu
    David C. Cimo
    Florida Bar No.: 775400
    dcimo@gjb-law.com
    David P. Lemoie
    Florida Bar No.: 188311
    dlemoie@gjb-law.com
    Harris J. Koroglu
    Florida Bar No.: 32597
    hkoroglu@gjb-law.com
    GENOVESE JOBLOVE & BATTISTA, P.A.
    4400 Bank of America Tower
    100 Southeast Second Street
    Miami, Florida  33131
    Tel:  (305) 349-2300
    Fax: (305) 349-2310
    Attorneys for Receiver,
    Jonathan E. Perlman, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2009, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/ Harris J. Koroglu
    Harris J. Koroglu, Esq.
    Florida Bar No. 32597

**SERVICE LIST**
**JONATHAN E. PERLMAN, ESQ., as court appointed Receiver of Creative Capital Consortium, LLC, et al. v. Paulette Theodule**
**CASE NO. 09-81085-CIV-HURLEY/HOPKINS**
**United States District Court, Southern District of Florida**

David C. Cimo, Esq.
Florida Bar No. 775400
dcimo@gjb-law.com
David P. Lemoie, Esq.
Florida Bar No. 188311
dlemoie@gjb-law.com
Harris J. Koroglu, Esq.
Florida Bar No. 32597
hkoroglu@gjb-law.com
GENOVESE JOBLOVE & BATTISTA, P.A.
Bank of America Tower, 44th Floor
100 Southeast Second Street
Miami, FL 33131
Telephone:  (305) 349-2300
Facsimile:  (305) 349-2310
*Attorneys for the Receiver*

Wayne H. Schwartz, Esq.
schwartz@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 981-9988
Facsimile: (561) 981-9980
*Attorneys for Defendant Paulette Theodule*